Isaiah W. Richards *versus* Joshua McKenney and Trustee.

The effect of an endorsement upon a writ by the attorney of the plaintiff, cannot be defeated by other evidence, that such endorsement was not intended to create a statute liability.

Exceptions were taken to the rulings of the Chief Justice, who tried the cause at *Nisi Prius.*

Under the printed words "from the office of," on the back of the writ, the attorney who made it had written his name, and it is agreed that by so doing he did not intend to assume the liabilities of an endorser, but merely to indicate by whom it was made. The plaintiff is described in the writ as an inhabitant of another state, and a motion was seasonably made to dismiss for want of a legal endorsement. The court overruled the motion, and the defendant excepted.

*B. Freeman,* counsel for the defendant, argued, that in Slate v. Ackley, and Stone v. McLanathan, there was no satisfactory evidence, as in this case, that the words "from the office of" were adopted by the plaintiff's attorney to limit the effect of the endorsement.

*Thomas H. Talbot,* counsel for the plaintiff, argued that it had already been decided that the printed words "from the office of" do not *of themselves* prevent the signature of an attorney under them from making him liable as an endorser of the writ. Slate and al. v. Ackley, 8 Cush., 98; Stone v. McLanathan, 29 Maine R., 131.

It follows that the secret intention of the person so signing his name cannot be allowed to alter the force of his signature.

Every defendant has a right to know, upon the inspection of the writ, whether it is endorsed or not.

The evidence referred to in Stone v. McLanathan must be

evidence appearing on the writ itself, something to forbid all presumption of an intention to assume the liability of an endorser.

Evidence *aliunde* must have been rejected.

MAY, J. In the cases of Stone v. McLanathan, 39 Maine R., 131, and Slate v. Ackley, 8 Cush., 98, it has been directly decided that the name of the plaintiff's attorney endorsed by him upon the back of the writ, although preceded by the words, " office of," or " from the office of," is a sufficient endorsement under the statute, when it does not appear from other evidence that the words so used were adopted by such attorney to limit the effect of such endorsement.

The question now presented and argued is, whether it is competent to defeat such apparent effect, by other proof, to show such intended limitation. We think it is not. The law does not authorize it. It is required by the R. S., chap. 114, sec. 16, that all writs, where the plaintiff lives out of the state when the action is commenced, shall be endorsed by some sufficient person within the state, before the entry thereof; and the rule, that the signature of the plaintiff's attorney, upon the back of any such writ, in the absence of any words connected therewith, to show a different purpose, must be regarded as having been placed there to meet the requirement of the statute, is a sound one, and well calculated to promote the administration of justice. Such endorsement, in all cases where the suit is prosecuted to judgment, becomes a part of the record, and its apparent legal intendment should not be open to contradiction. The defendant may be induced by it to rely upon it, until the termination of the suit; and if the attorney should then be permitted to show an intention on his part, existing only in his own mind, not to be bound by it when he made it, and thereby to defeat its apparent effect, injustice would be done. The entry of a writ so endorsed is virtually an affirmation by the attorney, that such endorsement is the one required by law; and it would operate as a fraud upon the defendant to deprive

Richards *v.* McKenney.

him of the statute security which *prima facie* it affords, by allowing the party making it to avoid its legal effect by the introduction of parol proof.

*Exceptions overruled.*

CUTTING, J., *dissenting.*—The only question of law which arises in this case and is presented to us upon the exceptions, is, did the judge at *Nisi Prius* decide correctly, when from the evidence admitted, he ruled that the endorsement of the writ was a sufficient compliance with the requirements of the statute. If there had been no other evidence but simply the endorsement, the ruling would be sustained by the case of State v. Ackley, 8 Cush., 98. But here parol testimony was admitted without objection, as in Stone v. McLanathan, 39 Maine R., 131, which explains the written endorsement, and discloses the true intention of the endorser. The evidence having thus been admitted, it becomes a part of the case, which is presented thus :

" This writ is from the office of D. L. Mitchell, who does not intend by subscribing his name hereon, to assume the liabilities of an endorser of this writ, but merely to indicate by whom it was made."

Such language, the judge held, constituted a legal and binding contract to pay the defendant his costs in the event of a successful defence. This cannot be correct, unless it is to be presumed that an attorney at law means directly the reserve of what he says, and in making a contract can never use a negative. If the question arose on exceptions to the admission or exclusion of the parol testimony, my conclusion might be different; that would present a case never as yet decided in this, and so far as I can learn, in any other state.